IN THE CIRCUIT COURT OF THE 10TH JUDICIAL CIRCUIT IN AND FOR HIGHLANDS COUNTY, FLORIDA

GENERAL JURISDICTION

LAKISHA GREEN,

    Plaintiff,

CASE NO.
SECTION

v.

FLORIDA POP, LLC,

    Defendant,

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND REQUEST FOR JURY TRIAL

Plaintiff, LAKISHA GREEN, files this action against the Defendant, FLORIDA POP, LLC, and states as follows:

1) This is an action exceeding $15,000.00 in damages, exclusive of interest, costs and attorney's fees. All acts that give rise to this action occurred in Sebring, Highlands County, Florida.

2) The Plaintiff, LAKISHA GREEN, is a resident of Sebring, Highlands Co., Florida and is a former employee of the Defendant, FLORIDA POP, LLC, employed as a shift manager and is 33 years old.

3) The Defendant, FLORIDA POP, LLC, is a Foreign Profit Corporation doing business in Sebring, Highlands County, Florida.

4) This Court has jurisdiction over the parties and the herein and that venue is proper in the Tenth Judicial Circuit Court in and for Highlands County.

5)      The Defendant, FLORIDA POP, LLC is a restaurant chain business which employs numerous individuals in Highlands County, Florida.

6)      The plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on June 19, 2020, which was dismissed on November 3, 2020. A Copy of the charge and notice of dismissal are attached as Exhibit A and B. The Plaintiff has met all conditions precedent to bringing this action.

7)      The Plaintiff, LAKISHA GREEN was employed by FLORIDA POP, LLC as a shift manager starting in April of 2018. She became pregnant and beginning December 22, 2019, the Defendant began reducing her hours and harassing her in an effort to make her quit. She complained to various supervisors, but instead of obtaining relief, she was terminated on January 4, 2020. She was rehired on January 11, 2020. She was not compensated for the time she lost.

8)      The Plaintiff, LAKISHA GREEN, went out on pre-approved maternity leave that was approved by Human Resources on January 14, 2020.

9) The Plaintiff was to return to work from maternity leave on April 7, 2020, however, she required a Cesarean Section.  As a result, the doctor extended her maternity leave to April 20, 2020.  She was informed by her manager that she could not return to work even though she was released by her treating physician to return to work with no physical limitations on April 20, 2020.

10) Prior to April 7, 2020, the date her leave was to end, the Plaintiff Lakisha Green tried to contact her supervisors to see if the extension on her leave would be approved, and she did not receive a response. She would have returned on April 7, 2020, if the Defendant had allowed her to.

## COUNT I

## FLORIDA CIVIL RIGHTS ACT

11) Paragraphs 1-10 are re-alleged and incorporated herein.

12) Plaintiff, LAKISHA GREEN, has filed a complaint with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on or about June 19, 2020, alleging discrimination on the basis of disability. (A copy of the complaint is attached as Exhibit A). On November 3, 2020, she was provided a dismissal and notice of rights by the Equal Employment Opportunity Commission, a copy of which is attached as Exhibit B).

13) Plaintiff seeks injunctive relief, back pay and other damages under the Florida Statute Section 760.11.

WHEREFORE, the Plaintiff, LAKISHA GREEN, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendant;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's disabilities.

(D) Requiring that the Plaintiff be reinstated to her position with Defendant;

(E) Awarding the Plaintiff punitive damages so as to punish and deter Defendant from committing outrageous acts of discrimination in the future.

## COUNT II

## FLORIDA CIVIL RIGHTS ACT

14) Paragraphs 1-13 are re-alleged and incorporated herein.

15) Plaintiff, LAKISHA GREEN, has filed a complaint with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on or about on June 19, 2020, which were dismissed on November 3, 2020, alleging discrimination on the basis of race. (A copy of the complaint and determination are attached as Exhibit A and Exhibit B).

16) Plaintiff seeks injunctive relief, back pay and other damages under the Florida Statute Section 760.11.

WHEREFORE, the Plaintiff, LAKISHA GREEN, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendant;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's race.

(D) Awarding the Plaintiff punitive damages so as to punish and deter Defendant from committing outrageous acts of discrimination in the future.

(E) Awarding the Plaintiff punitive damages so as to punish and deter Defendant from committing acts of discrimination in the future.

## COUNT III

## COUNT II I– TITLE VII – GENDER DISCRIMINATION

17) Paragraphs 1-16 are re-alleged and incorporated herein.

18) Title VII, 42 U.S.C. § 2000e-2, states in pertinent part that it is unlawful for an employer "to discharge any individual…because of such individual's…sex."

19) Plaintiff, LAKISHA GREEN, has filed a complaint with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on or about June 19, 2020, alleging discrimination on the basis of gender. (A copy of the complaint is attached as Exhibit A). On November 3, 2020, she was provided a dismissal and notice of rights by the Equal Employment Opportunity Commission. (A copy of which is attached as Exhibit B).

20) The aforementioned acts of Defendant—especially termination of Plaintiff's employment—constitutes unlawful and intentional discrimination against Plaintiff because of her gender, in violation of Title VII, 42 U.S.C. § 2000e. et. seq. As a direct and proximate result of Defendant's unlawful and intentional termination of Plaintiff, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits.

21) Plaintiff seeks injunctive relief, back pay and other damages under Title VII, 42 U.S.C. § 2000e. et. seq.

WHEREFORE, the Plaintiff, LAKISHA GREEN, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendant;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's disabilities.

(D) Requiring that the Plaintiff be reinstated to her position with Defendant;

(E) Awarding the Plaintiff punitive damages so as to punish and deter Defendant from committing outrageous acts of discrimination in the future.

## COUNT IV

## SEX-BASED PAY DISCRIMINATION IN VIOLATION OF FLORIDA EQUAL PAY ACT, 725.07 FLORIDA STATUTES

(22) Paragraphs 1-21 are re-alleged and incorporated herein.

(23) Plaintiff, LAKISHA GREEN, has filed a complaint with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on or about June 19, 2020, alleging she was being paid less on the basis of gender, female. (A copy of the complaint is attached as Exhibit A). On November 3, 2020, she was provided a dismissal and notice of rights by the Equal Employment Opportunity Commission. (A copy of which is attached as Exhibit B).

(24) Section 725.07 of the Florida Statutes prohibits discrimination on the basis of sex, marital status or race "in the areas of providing equal pay for equal services." This section allows not just compensatory damages but in addition "punitive damages and reasonable attorney fees for a violation thereof."

(25) Plaintiff, LAKISHA GREEN, was given less hours.

(26) The Defendant, FLORIDA POP, LLC, caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Florida Equal Pay Act.

(27) As a direct, legal and proximate result of the discrimination, Plaintiff, LAKISHA GREEN, has sustained, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive,

declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 725.07 Florida Statutes.

WHEREFORE, the Plaintiff, LAKISHA GREEN, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendant;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's gender.

(D) Requiring that the Plaintiff be reinstated to her position with Defendant;

(E) Awarding the Plaintiff punitive damages so as to punish and deter Defendant from committing outrageous acts of discrimination in the future.

## COUNT V

## COUNT IV– TITLE VII – CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT OF 1978

28) Paragraphs 1-27 are re-alleged and incorporated herein.

29) The Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq, prohibits discrimination on the basis of pregnancy, childbirth or related medical conditions.

30) Plaintiff, LAKISHA GREEN, has filed a complaint with the Equal Employment Opportunity Commission and with the Florida Commission on Human Relations on or about

June 19, 2020, alleging discrimination on the basis of pregnancy. (A copy of the complaint is attached as Exhibit A). On November 3, 2020, she was provided a dismissal and notice of rights by the Equal Employment Opportunity Commission. (A copy of which is attached as Exhibit B).

31) The aforementioned acts of Defendant—especially termination of Plaintiff's employment—constitutes unlawful and intentional discrimination against Plaintiff because of her pregnancy, in violation of Title VII, 42 U.S.C. § 2000e. et. seq. as amended by the Pregnancy Discrimination Act of 1978. As a direct and proximate result of Defendant's unlawful and intentional termination of Plaintiff, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits.

32) Plaintiff seeks injunctive relief, back pay and other damages under Title VII, 42 U.S.C. § 2000e. et. seq. as amended by the Pregnancy Act of 1978.

WHEREFORE, the Plaintiff, LAKISHA GREEN, seeks an order from the Court:

(A) Awarding compensatory damages as allowed under law for lost wages and any other relief deemed proper by the Court and allowed by law, including emotional pain, suffering and humiliation caused by Defendant's act of discrimination against the Plaintiff;

(B) Awarding payment of a reasonable attorney's fee and costs of the action and such other and further relief as the Court may deem just and proper against the Defendant;

(C) Enjoining the Defendant from discriminating in the future on the basis of the Plaintiff's disabilities.

(D) Requiring that the Plaintiff be reinstated to her position with Defendant;

(E) Awarding the Plaintiff punitive damages so as to punish and deter Defendant from committing outrageous acts of discrimination in the future.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

_February 1, 2021________
Date

_/s/Nora Leto______________________
Nora Leto, Esquire
Kaylor, Kaylor & Leto, P.A.
625 Commerce Drive, Suites 303-304
P.O. Box 7306
Lakeland, FL 33807-7306
(863) 619-6275
Bar #: 357111
nsl@kaylor-kaylor.com
chr@kaylor-kaylor.com

UNOFFICIAL DOCUMENT

EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>X EEOC | |

FLORIDA COMMISSION ON HUMAN RELATIONS and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.)<br>Ms. LaKisha Green | Home Telephone (Include Area Code) |
|---|---|
| STREET ADDRESS                 CITY, STATE AND ZIP CODE<br>729 Poinsettia Ave, Apt 52 Sebring FL 33870 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Popeyes Louisiana Kitchen, Inc. | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS                CITY, STATE AND ZIP CODE<br>2709 US Highway 27 S Sebring FL 33870 | | COUNTY<br>Highlands |
| NAME | | TELEPHONE (Include Area Code) |
| STREET ADDRESS               CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))<br>☐ RACE  ☐ COLOR  X SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN ☐<br>RETALIATION  ☐ AGE  X DISABILITY  X OTHER<br>Pregnancy(Specify) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST                    LATEST<br>12 / 22 / 2019 to date and continuing. |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. PERSONAL HARM:

Starting 12/22/20 the manager was trying to make me quit by being rude to me and cutting my hours due to being pregnant. I tried to make a complaint to the manager's boss but was ignored by them as well. I was then fired on January 4, 2020 and then hired back around January 11, 2020.

II. RESPONDENT'S REASON FOR ADVERSE ACTION:

III. DISCRIMINATION STATEMENT:

   I believe I was discriminated against because of pregnancy in violation of TITLE VII – CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT OF 1978

   I believe I was discriminated against because of my disability in violation of the American's with Disabilities Act, 42 U. S. C. 12117.

   I believe I was discriminated against because of my sex, female/male, in violation of Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e-5.

   I believe I was discriminated against because of my sex, female/male in violation of the Equal Pay Act of 1963, Sec. 206 (Section 6) (d) (1).

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | *LaKisha Green*<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>_____<br>Date           Charging Party (Signature) | NOTARY – (When necessary for State and Local Requirements)<br>*Kaylie Rutherford*<br>6/19/20<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (day, month, and year)<br><br>**KAYLIE RUTHERFORD**<br>Notary Public-State of Florida<br>Commission # GG 956323<br>My Commission Expires<br>February 09, 2024 |

EEOC FORM 5 (REV. 06/92)                                              CHARGING PARTY COPY

EXHIBIT B

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lakisha Green<br>729 Poinsettia Avenue, Apt. 52<br>Sebring, FL 33870 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2020-04766 | Consuelo Nodar, Investigator | (786) 648-5810 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jacqueline Gabriel for*               11/03/2020

Enclosures(s)      **BRADLEY A. ANDERSON,**          (Date Mailed)
**Acting District Director**

cc: **Respondent's Representative**        **Complainant's Representative**

Grissel Seijo                                       Nora Leto
Employment Counsel and                 KAYLOR, KAYLOR & LETO, P.A
Diversity & Inclusion Officer               625 Commerce Drive, Suites 303-304
Popeyes Louisiana Kitchen, Inc.         P.O Box 7306
5707 Blue Lagoon Drive                    Lakeland, FL 33807
Miami, FL 33126

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*